IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| SALVADOR JIMENEZ,<br>TDCJ-CID No. 870962,<br><br>Plaintiff,<br><br>v.<br><br>LORIE DAVIS, DIRECTOR TDCJ-CID,<br><br>Defendant. | § § § § § § § § § § § | 2:17-CV-139-Z |

## MEMORANDUM OPINION DISMISSING CIVIL RIGHTS COMPLAINT
## AND
## DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff SALVADOR JIMENEZ, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and has been granted permission to proceed *in forma pauperis*. For the following reasons, Plaintiff's civil rights Complaint is **DISMISSED**.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

By his Complaint, Plaintiff argues that he is incarcerated in segregated housing at his unit of assignment within TDCJ. ECF No. 1. He claims that he has been incarcerated for approximately 17 years, and he is and was housed in segregation for most, if not all, of his incarceration. *Id.* The relief he requests is a new classification hearing and transfer to the general population. *Id.*

Plaintiff also filed a Motion for Temporary Restraining Order ("TRO"). ECF No. 16. By his TRO, Plaintiff makes claims of issues with his legal and personal mail unrelated to the claims in his complaint or his claims against Defendant DAVIS. *Id.*

## ANALYSIS

Federal courts are reluctant to interfere with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunctive relief to obtain release from administrative segregation). Additionally, placement in administrative segregation is not a constitutional violation that is cognizable in a civil rights case absent a showing of retaliation. *See Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995).

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

Although Plaintiff's Complaint clearly indicates that his placement in administrative segregation is ongoing and has lasted for an extensive period, he has failed to articulate any claims that his placement was a result of retaliation, especially not by the named Defendant. Further, Plaintiff has not articulated any grievances he has filed or requests he has made to TDCJ for a hearing concerning his classification, or the results of those grievances or requests. Thus, Plaintiff's claim has no basis in law or fact and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

Plaintiff has also requested the appointment of counsel in this matter. In making the determination as to whether to appoint counsel pursuant to 28 U.S.C. § 1915, the Court may base its decision regarding the appointment of counsel on several factors including:

1. Type and complexity of case;
2. The prisoner's ability to present and investigate his case;
3. The presence of evidence which largely consists of conflicting testimony so as to require skilled presentation of evidence and then cross-examination; and,
4. The likelihood that appointment will benefit petitioner, the Court, and the defendants by "shortening the trial and assisting in just determination."

*Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992) (quoting *Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)). As indicated by this Memorandum Opinion, this case does not survive the screening process; thus, appointment of counsel is entirely unnecessary.

Federal Rule of Civil Procedure 65(b)(1) governs the issuance of a TRO. Absent notice and opportunity to be heard from the opposing party, a TRO encompasses only restraint on a party for a fourteen-day period. FED. R. CIV. P. 65(b)(2). If plaintiff's requests for restraint extend beyond this period, then the Court may construe his requests as a motion for a preliminary

injunction; as such, the plaintiff must satisfy the substantive requirements for a preliminary injunction in order to obtain this relief. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989).

In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), the applicant must demonstrate all four of the following elements:

> (1) a substantial likelihood of success on the merits;
> (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied;
> (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and
> (4) the injunction will not disserve the public interest.

*Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Injunctive relief is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 572 U.S. 1053 (2014).

Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted). Additionally, for a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 847-48 (5th Cir. 2004). Movants for injunctive relief must show that constitutional violations have occurred and that state officials are "demonstrably unlikely to implement required changes" without injunctive relief. *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987).

Here, Plaintiff has failed to show all four elements necessary for an injunction/TRO. Therefore, Plaintiff's request for an injunction/TRO must fail, as the claims in his Complaint have failed to survive the screening process.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED that the Civil Rights Complaint by Plaintiff filed pursuant to Title 42, United States Code, section 1983 be **DISMISSED** as frivolous. Further, Plaintiff's request for a TRO (ECF No. 16) is **DENIED**.

Accordingly, all other motions filed by Plaintiff are **DENIED**.

**SO ORDERED.**

February 6, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE