IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SALVADOR JIMENEZ<br>TDCJ #0870962,<br><br>    Plaintiff,<br><br>v.<br><br>TDCJ-CID DIRECTOR,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:17-CV-0139-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO
GRANT IN PART AND DENY IN PART DEFENDANTS' MOTIONS TO DISMISS**

Before the Court are Motions to Dismiss pursuant to Fed. R Civ. P. 12(b)(1) and (6) filed by Defendants Bobby Lumpkin (ECF 84) and Lorie Davis (ECF 95) (the "Motions"). For the reasons stated herein, the Magistrate Judge recommends that the Motions be GRANTED in part and DENIED in part.

**I. Factual Background**

Plaintiff Salvador Jimenez, a *pro se* prisoner proceeding *in forma pauperis*, filed suit against the TDCJ-CID Director, alleging that he was placed in administrative segregation 17 years ago and has never been re-evaluated to determine if his housing assignment should be changed. In his Complaint, he seeks a new classification hearing and a transfer to general population. (ECF 3 at 1). Defendant Lorie Davis was the TDCJ director at the time Plaintiff filed this lawsuit; Defendant Bobby Lumpkin is the current TDCJ director.

Defendants ask the Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), alleging that (1) sovereign immunity bars Plaintiff's claims for money damages; (2) Plaintiff failed to exhaust his administrative remedies; (3) the statute of limitations

1

bars Plaintiff's claims; (4) Defendants are not personally involved in the facts giving rise to Plaintiff's claims and cannot be vicariously liable; (5) Defendants are entitled to qualified immunity; and (6) Plaintiff has not stated an Eighth Amendment violation. Plaintiff did not respond to either Motion.

## II. Legal Analysis

**A.     Sovereign Immunity Bars Claims for Monetary Damages.**

Under the Eleventh Amendment, "[f]ederal courts are without jurisdiction over suits against a state, unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. Louisiana Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). This sovereign immunity bar extends to actions against state officers in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 663–69, 94 S. Ct. 1347, 39 L.Ed.2d 662 (1974).

Although Plaintiff's Complaint apparently seeks only prospective injunctive relief, which is not barred by sovereign immunity, he subsequently filed pleadings indicating that he also is seeking monetary damages. *See, e.g.,* ECF 39, 72. A request for monetary damages against a state employee in his or her official capacity is clearly barred by sovereign immunity. *See Calhoun v. Collier*, 78 F.4th 846, 851 (5th Cir. 2023) (as revised). Therefore, to the extent that Plaintiff asserts a request for monetary damages against Defendants in their official capacity, such claim is barred by sovereign immunity and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**B.     The Prison Litigation Reform Act ("PLRA") Exhaustion Requirement.**

Defendants claim that this lawsuit should be dismissed because Plaintiff has not exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The U.S. Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639–40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (*citing Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is if administrative remedies are unavailable. *Ross*, 578 U.S. at 642. Administrative relief is available so long as the prison administrator has the "authority to take some action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736 and n.6 (2001) ("An inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit takes a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies properly" (internal quotation omitted)). The Fifth Circuit also has recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297–98 (5th Cir. 2014) (*citing Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010)). Further,

exhaustion must have occurred before the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted"); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than when an amended complaint is filed).

Plaintiff alleges in his Supplemental Complaint (ECF 39) that he has filed grievances based on the complaints brought herein and, thus, exhausted his remedies.[1] When a defendant raises exhaustion as an affirmative defense, the Fifth Circuit instructs courts to resolve factual disputes over exhaustion at summary judgment prior to addressing the remaining grounds for dismissal or taking up the merits. *Dillon*, 596 F.3d at 273 (footnote omitted). Until Defendants carry their burden, Plaintiff is presumed to have exhausted his remedies. *See Williams v. Catoe*, No. 6:17CV627, 2021 WL 5087148, at *8 n.2 (E.D. Tex. May 19, 2021) ("It is presumed that Plaintiff has exhausted his administrative remedies unless proven otherwise by Defendants. Plaintiff is only required to defend the issue if the Defendants prove beyond peradventure in their summary judgment motion that he did not exhaust as to a claim or issue."), *report and recommendation adopted*, No. 6:17-CV-627-JDK-KNM, 2021 WL 4099257 (E.D. Tex. Sept. 9, 2021). Because there is a factual dispute as to whether Plaintiff exhausted his administrative remedies, the issue of exhaustion cannot be resolved based solely on the face of the pleadings, as the Court is required to do when evaluating a Rule 12(b)(6) motion. Therefore, the Court recommends that Defendants' Motions be denied on this issue.

---

[1] Whether Plaintiff filed his grievances improperly or sent them to the wrong person (as Defendants contend) is a factual issue outside the pleadings that cannot be determined in the Rule 12(b)(6) context.

**C.     The Statute of Limitations Does Not Bar Plaintiff's Claims at This Stage.**

Defendant Lorie Davis next argues that Plaintiff's claims are barred by the statute of limitations. Because Plaintiff was placed in administrative segregation 17 years ago, Davis contends, Plaintiff should have filed his lawsuit approximately 15 years ago.[2] Pursuant to Davis' argument, the fact that Plaintiff failed to sue 15 years ago apparently means he has no judicial recourse, even if Defendants fail or refuse in perpetuity to review his segregation assignment. In the Court's view at this stage of the proceedings, the salient issue alleged in the Complaint is not the fact that Plaintiff is in segregation, but rather Plaintiff's contention that Defendants have never reviewed his housing assignment to determine if segregation is still proper.

Accrual of a cause of action begins when a plaintiff is aware that he has been injured or has sufficient information to know that he has been injured. *Montgomery v. La. ex rel. La. Dep't of Pub. Safety & Corr.*, 46 F. App'x 732, 2002 WL 1973820, at *2 (5th Cir. Aug. 2, 2002). A statute of limitations defense may support dismissal under Rule 12(b)(6) when it is evident from the face of the pleadings that the statute of limitations has run, and "the pleadings do not raise a basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Plaintiff's Complaint appears to raise the issue of possible applicability of the continuing violation doctrine, which renders dismissal under Rule 12(b)(6) improper. "The continuing violation doctrine is a federal common law doctrine governing accrual." *Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 740 (5th Cir. 2017). "The core idea of the continuing violations theory ... is that equitable considerations may very well require that the filing periods not begin to run until facts supportive of a ... civil rights action are or should

---

[2] The U.S. Supreme Court has held that the proper state statute of limitations for a Section 1983 claim is the statute for general personal-injury tort claims, which, under Texas law, is two years. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); Tex. Civ. Prac. & Rem. Code § 16.003(a).

be apparent to a reasonably prudent person similarly situated. The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights." *Messer v. Meno*, 130 F.3d 130, 134–35 (5th Cir. 1997). Plaintiff must "show an organized scheme leading to and including a present violation ... such that it is the cumulative effect of the [illegal] practice, rather than any discrete occurrence, that gives rise to the cause of action." *Id.* at 135. While the Court is making no determination of the applicability of the continuing violation doctrine at this time, the issue does preclude dismissal at this stage of the proceedings. Therefore, Davis' Motion to Dismiss on statute of limitations grounds should be denied.

D.     **Qualified Immunity on Individual Claims.**

Defendants ask the Court to dismiss Plaintiff's claims against them in their individual capacities based upon their affirmative defense of qualified immunity. A complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to plead facts allowing the reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court accepts all well-pleaded facts as true and in a light favoring Plaintiff, the Court does not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483

U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991); *Anderson*, 483 U.S. at 639-40. In *Harlow*, the Supreme Court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Harlow*, 457 U.S. at 818. In assessing whether the law was clearly established at the time, a court is to consider all relevant legal authority, whether cited by the parties or not. *Elder v. Holloway*, 510 U.S. 510, 512 (1994).

Once qualified immunity is asserted, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam), *citing Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001). "When a defendant asserts a qualified-immunity defense in a motion to dismiss, the court has an obligation to carefully scrutinize the complaint before subjecting public officials to the burdens of broad-reaching discovery." *Longoria v. San Benito Indep. Consol. Sch. Dist.*, 942 F.3d 258, 263–64 (5th Cir. 2019). "Qualified immunity is a two-step process. The first asks whether the defendant violated the plaintiff's constitutional rights. The second step adds the protection for the defendant that liability attaches only if the right was clearly established" at the time the violation occurred. *Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018). The Court may address either or both prongs. *See Pearson v. Callahan*, 555 U.S. 223, 242 (2009).

As noted *supra*, Plaintiff did not respond to the Motions; therefore, he has not met his burden to show that qualified immunity does not apply. In reviewing Plaintiff's pleadings, as well as other documents filed in this case, the Court finds no allegation indicating that either named

Defendant was directly responsible for the alleged violations of Plaintiff's constitutional rights. In fact, from what the Court is able to discern, Defendants are completely unmentioned by name in the factual allegations contained in Plaintiff's Complaint (ECF 3), his Supplemental Complaint (ECF 38), or in any other filing in this case. Plaintiff's allegations against Lumpkin and Davis individually are non-existent and, therefore, are insufficient to allege that either of them had "subjective knowledge of a substantial risk of serious harm to the detainee and responded to that risk with deliberate indifference." *Cope v. Cogdill*, 3 F.4th 198, 206–07 (5th Cir. 2021). Defendants are entitled to dismissal of all claims against them in their individual capacities pursuant to Rule 12(b)(6) based upon their affirmative defense of qualified immunity. Therefore, the Court recommends that the Motions be granted on all claims against Defendants in their individual capacities.

### E.     Claims for Supervisory Liability.

Because Plaintiff's pleadings contain no allegations that the acts of Davis and Lumpkin individually violated his constitutional rights, the sole possible remaining basis for individual liability is via each Defendant's status as supervisors of the actors who purportedly violated Plaintiff's rights. Under 42 U.S.C. § 1983, however, supervisory officials are not subject to vicarious liability for the acts or omissions of their subordinates. *Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir. 1992). Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *Id.*  Plaintiff must show that a supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates. *Pena v. City of Rio Grande City*, 879 F.3d 613, 620 (5th Cir. 2018). As stated *supra*, Plaintiff's pleadings contain no allegations as to each individual

Defendant's actions; therefore, he has failed to show how either Davis or Lumpkin (1) affirmatively participated in acts damaging to Plaintiff; or (2) implemented unconstitutional policies that resulted in his injury. Therefore, to the extent that Plaintiff alleges supervisory liability claims against Defendants, such claims should be dismissed pursuant to Rule 12(b)(6).

**F.      Eighth Amendment Claim.**

Lastly, Defendants allege that Plaintiff has failed to state a claim for a violation of his Eighth Amendment rights based on the conditions of his confinement. The Court acknowledges that the allegations in Plaintiff's pleadings are not a model of clarity, but it appears to the Court that Plaintiff is alleging a Fourteenth Amendment due process claim based on the duration of his confinement without due process, rather than an Eighth Amendment claim solely about the conditions of his confinement.

Generally, "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023), *quoting Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). The Court must consider the severity of the restrictive conditions and their duration when deciding whether a prisoner has a liberty interest in his custodial classification. "District courts should apply a nuanced analysis looking at the length and conditions of confinement on a case-by-case basis to determine whether they give rise to a liberty interest." *Id*. at 367. Plaintiff alleges that he has been in administrative segregation for 17 years without ever being re-evaluated to determine whether continuing segregation remained necessary. (ECF 3). He further alleges that such segregation gave him "brain damage" and caused him to be admitted to a psychiatric facility more than 17 times for "mental problems." (ECF 39). He also alleges that, because he is in segregation, he is denied access to kosher meals and religious services. (*Id*.). In considering the 17-year duration of Plaintiff's

9

confinement in administrative segregation, coupled with his other allegations regarding the effects of such segregation,[3] the Court believes that Plaintiff has sufficiently stated a claim for violation of his Fourteenth Amendment rights and, therefore, recommends that the Motions be denied on this issue.

### G. Davis in Her Official Capacity.

Pursuant to Fed. R. Civ. P. 25(d), an action "does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party". Because Davis has retired from TDCJ and Lumpkin is her successor, Lumpkin is automatically substituted as the proper party. (ECF 84 at 1). The Magistrate Judge recommends that Defendant Davis be dismissed in her official capacity, and that all further proceedings list Lumpkin as the Defendant TDCJ Director.

### RECOMMENDATION

As set forth above, the U.S. Magistrate Judge recommends that Defendants' Motions to Dismiss be GRANTED in part; specifically, that the Court (1) dismiss without prejudice Plaintiff's claim for money damages; and (2) dismiss with prejudice Plaintiff's Fourteenth Amendment claims against Bobby Lumpkin and Lorie Davis in their individual capacity due to qualified immunity. The U.S. Magistrate Judge recommends that Defendants' Motions to Dismiss Plaintiff's Fourteenth Amendment claim against Lumpkin and Davis in their official capacity pursuant to Fed. R. Civ. P. 12(b)(6) be DENIED. The U.S. Magistrate Judge further recommends that Defendant Davis be dismissed from this lawsuit in her official capacity, and that all further proceedings list Lumpkin as the Defendant TDCJ Director pursuant to Fed. R. Civ. P. 25(d). If this

---

[3] *Pro se* pleadings are to be liberally construed. *See Jeanty v. Big Bubba's Bail Bonds*, 72 F.4th 116, 119 (5th Cir. 2023).

Recommendation is accepted, Plaintiff's claims against Lumpkin in his official capacity will remain.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 28, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).