IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SALVADOR JIMENEZ<br>TDCJ #0870962,<br><br>Plaintiff,<br><br>v.<br><br>TDCJ-CID DIRECTOR,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:17-CV-0139-Z-BR |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Bobby Lumpkin's Motion for Summary Judgment (the "Motion") for failure to exhaust administrative remedies. (ECF 104). For the reasons stated herein, the Magistrate Judge recommends that the Motion be GRANTED.

### I. BACKGROUND

Plaintiff Salvador Jimenez, a *pro se* prisoner proceeding *in forma pauperis*, filed suit against the TDCJ-CID Director, alleging that he was placed in administrative segregation 17 years ago and has never been re-evaluated to determine if his housing assignment should be changed. In his Complaint, he seeks a new classification hearing and a transfer to general population. (ECF 3 at 1). Defendant Bobby Lumpkin is the current TDCJ director.

On November 29, 2023, the Magistrate Judge ordered Defendant to file this Motion to address his affirmative defense of Plaintiff's alleged failure to exhaust administrative remedies. The Order also required Defendant to provide Plaintiff with the following relevant documents for Plaintiff's possible use in responding to the Motion:

(a)     Plaintiff's grievances and I-60s concerning his claims asserted in the

1

    Complaint;

 (b) any administrative records, charging documents, notices, evidence supporting charges brought, deliberative notes, or any other data, documents, and records that support, refute, or otherwise pertain to the claims to which Defendants' exhaustion of remedies defense applies, and

 (c) any other records concerning Plaintiff's claims maintained in the normal course of business for TDCJ concerning Plaintiff's exhaustion of remedies.

On December 20, 2023, Defendant certified to the Court that the documents had been sent to Plaintiff. (ECF 100). Plaintiff did not respond to the Motion.

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard.

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the

nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must provide affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor...unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). The Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all evidence but must not make any credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**B.       Plaintiff's Failure to Respond is Not Dispositive.**

When a nonmoving party does not file a response to a motion for summary judgment, the failure to respond "does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023). As the United States Court of Appeals for the Fifth Circuit has explained:

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees) for State Colleges & Universities*, 757 F.2d 698, 709 (5th Cir. 1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id.* at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir.

1985); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (*citing Hibernia*). Moreover, FED. R. CIV. P. 56(e) provides that:

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Therefore, Defendant still must provide sufficient evidence upon which the Court may base a summary judgment. Failure to do so requires the Court to deny the Motion, even if it is unopposed.

**C.     The Prison Litigation Reform Act ("PLRA") Exhaustion Requirement.**

Defendant moves for summary judgment based on his affirmative defense that Plaintiff has not exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The U.S. Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639–40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court") (*citing Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is if administrative remedies are unavailable. *Ross*, 578 U.S. at 642. Administrative relief is available so long as the prison administrator has the "authority to take some action in response

to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736 and n.6 (2001) ("An inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639.

The Fifth Circuit takes a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must exhaust available remedies properly" (internal quotation omitted)). The Fifth Circuit also has recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits." *Nottingham v. Finsterwald*, 582 F. App'x 297, 297–98 (5th Cir. 2014) (*citing Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010)). Further, exhaustion must have occurred before the lawsuit is filed. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) ("Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted."); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than when an amended complaint is filed).

A Texas prisoner must complete the state's two-step grievance process before filing suit. *Favela v. Collier,* No. 22-40415, 2024 U.S. App. LEXIS 2161 (5th Cir. January 31, 2024), *citing Johnson v. Johnson*, 385 F.3d 503, 515-16 (5th Cir. 2004). First, he must file a Step 1 grievance within fifteen days of the relevant incident. *Id.* at 515. The grievance must provide enough detail to give officials a fair opportunity to resolve the problem. *Id.* at 517. Officials then have 40 days

5

to resolve the issue. TEX. DEP'T OF CRIM. JUST., OFFENDER ORIENTATION HANDBOOK 74 (2017); Defendant's Exhibit "B". If the prisoner is not satisfied with the response, he has fifteen days to appeal by filing a Step 2 grievance. *Id.* Only after the Step 2 grievance is resolved has the exhaustion requirement been satisfied. *Johnson*, 385 F.3d at 515. To properly exhaust, an inmate must satisfy both steps of the grievance process in accordance with the state's procedural rules. *Favela*, 2024 LEXIS at *5, *citing Woodford v. Ngo*, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006).

C. **The Undisputed Evidence Shows a Failure to Exhaust.**

Defendant satisfied his initial summary judgment burden by providing Plaintiff's grievance records, which contain numerous grievances filed by Plaintiff. *See* Defendant's Exhibit "A". Plaintiff filed a grievance pertaining to his housing classification twice, but apparently did not complete the grievance process either time.

In October 2018, Plaintiff filed a Step 1 Grievance (No. 2109017549) requesting a transfer and removal from segregation because he was no longer a gang member. In the grievance form, he stated that he had been "left in segregation 19 years for no reason" which arguably addresses the claims brought in Plaintiff's Complaint. (Defendant's Appendix, p. 57). The response stated that Plaintiff was appropriately housed in accordance with classification procedures and his doctor's orders. (*Id.* at 58). In May 2019, Plaintiff filed a Step 1 Grievance (No. 2019119678) requesting to have his "level changed." (*Id.* at 48). The response stated that Plaintiff had received a classification review on May 28, 2019, and he was appropriately housed because of a mental health designator. (*Id.* at 49). However, there is no evidence that Plaintiff ever filed a Step 2 grievance in connection with either of these claims. The remaining grievances filed by Plaintiff do not complain about an alleged failure to review his segregation assignment. (*See, generally,*

Defendant's Exhibit "A").

Plaintiff clearly was aware of the proper grievance procedure. He has filed Step 2 grievances on other issues (*Id*. at 26, 34), and the process was outlined in the Offender Orientation Handbook. (*Id.* at 88-89). Because Defendant met his burden to show that Plaintiff has not properly exhausted his remedies in connection with the claims at issue, the burden then shifted to Plaintiff to establish a genuine issue of material fact. However, Plaintiff failed to respond to the Motion and thus failed to meet his burden.

Because the undisputed evidence shows that Plaintiff failed to exhaust his administrative remedies in connection with the claims brought in this case, his claims should be dismissed without prejudice.

## RECOMMENDATION

As set forth above, the U.S. Magistrate Judge recommends that Defendant's Motion For Summary Judgment be GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 15, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the

event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).